**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAISAL MOLEDINA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:22-cv-03059<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>Violations of California Penal Code § 632.7<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code §

632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. The plaintiff Faisal Moledina ("Plaintiff") individually and on behalf of all others similarly situated California residents and consumers ("Class Members"), brings this action for damages and injunctive relief against defendant Marriott International, Inc. ("Marriott" or "Defendant"), for Defendant's unauthorized and illegal recordings of conversations with Plaintiff without any notification or warning to Plaintiff or Class Members, causing Plaintiff and Class Members damages and invasion of their privacy.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (i) there is minimal diversity; (ii) Defendant is not a government entity against whom the District Court may be foreclosed from ordering relief; (iii) there are more than one hundred (100) people in the putative class; and (iv) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7. Defendant is a Delaware corporation with its principal place of business in Maryland.

8. Defendant has a registered agent for service of process located in California.

9. Upon information and belief Defendant, at all material times hereto, made unlawful and illegal recordings of conversations with customers, including Plaintiff.

10. Venue is proper in this Court because, (i) Plaintiff resides within this County; (ii) a substantial part of the events giving rise to the Plaintiff's claims against Defendant occurred within this county (Plaintiff's cordless telephone call was audio recorded by Defendant while Plaintiff was in this judicial district); and (iii) Defendant conducts substantial business within the County of Los Angeles, California; and (iv) Defendant's contacts with this forum are sufficient to subject it to personal jurisdiction within this judicial district.

## PARTIES

11. Marriott is, and at all relevant times was, a corporation with its principal office located at 10400 Fernwood Road, Bethesda, Maryland 20817.

12. According to Marriott's website, Marriott offers "the most powerful portfolio in the industry" with "30 brands and 7,000+ properties across 131 countries and territories …"[1]

13. Plaintiff is a natural person who resides in Los Angeles, California.

## FACTUAL ALLEGATIONS

14. On April 14, 2022, at approximately 9:40 p.m. PST, Plaintiff called Le Meridien Dallas, The Stoneleigh's (the "Hotel") telephone number, 214-871-7111, using his cordless telephone (telephone number ending in 5517).

15. Upon information and belief, Defendant owns and operates the Hotel, as well as the Hotel's phone number, 214-871-7111.

---

[1] https://www.marriott.com/marriott/aboutmarriott.mi (last accessed on April 26, 2022).

16. Having dialed the Hotel's phone number, Plaintiff was presented with several call options.

17. After listening to the Hotel's call options, Plaintiff pressed "1" to make reservations at the Hotel.

18. At no point during the call to the Hotel's phone number was there any form of recording disclosure nor any beeping sounds to indicate to Plaintiff that he was being recorded by Defendant.

19. Plaintiff was eventually connected with one of Defendant's live agents to make his hotel reservation.

20. Plaintiff told Defendant's live agent that he wanted to know whether it was less expensive for him to reserve a room with the Hotel directly than it was to reserve a room online through a third-party website.

21. In response to Plaintiff's inquiry, Defendant's agent indicated that Defendant had a price-match guarantee in case Plaintiff was able to find better rates for his reservation through a third-party website.

22. Not wanting to risk denial of a price-match, Plaintiff asked the agent whether the call was being recorded.

23. In response, Defendant's agent attempted to evade Plaintiff's question, which prompted Plaintiff to ask a second time whether Plaintiff was being recorded.

24. In response, Defendant's agent again evaded Plaintiff's question, and thus Plaintiff asked a third and final time whether Plaintiff was being recorded.

25. Finally, after Plaintiff's third attempt at determining whether his call was being recorded, Defendant's agent responded by saying, "[y]es, this call is being recorded."

26. Subsequently thereafter, the Plaintiff heard successive beeping sounds and his call with Defendant's agent was disconnected.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit as a class action on behalf of himself and Class

28. Members of the proposed Class pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (b)(4).

28. Plaintiff is a member of and seeks to represent a "Class" consisting of and defined as follows:

> All persons in California whose inbound and outbound cordless and/or cellular telephone conversation(s) were audio recorded by Defendant and/or its employees and/or agent/s within one year prior to the filing of this action.

29. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

30. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

31. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant audio recorded calls of at least a thousand Class members in California during the one-year Class period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

32. <u>Commonality</u>: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any calls with the Class members, including cordless and cellular telephone calls;

- Whether Defendant had and continues to have a policy during the relevant period of recording telephone calls made to the Class members;
- Whether Defendant recorded the calls prior to entering into a customer agreement with respective Class members;
- Whether Defendant's policy or practice of recording telephone communications with Class members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

33. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members as demonstrated herein.

34. Plaintiff represents and is a Class member because Plaintiff called and spoke with Defendant or its agent for a time without a proper warning that the call was being recorded, and Defendant recorded its conversation with Plaintiff without a recording advisement at the outset or prior to recording the conversation.

35. Plaintiff and Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded the Plaintiff and Class members by way of their cordless or cellular telephones without notification that their conversation was being recorded and by invading the privacy of said Plaintiff and Class members. Plaintiff and Class members were damaged thereby.

36. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, as

demonstrated herein. Plaintiff acknowledges that he will have an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

37. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and Class members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

38. <u>Superiority</u>: Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because individual Class members have no way of discovering that Defendant recorded their telephone conversations without Class members' knowledge or consent.

39. Furthermore, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

40. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort

and expense that numerous individual actions would endanger.

41. Because of the relatively small size of the individual Class members claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct.

42. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

43. The Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

44. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation

and discovery.

45. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's records.

## COUNT I
### ILLEGAL TELEPHONE RECORDING OF CORDLESS AND CELLULAR TELEPHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record all telephone communications between Defendant and Plaintiff and California Class members, including cordless and cellular telephone calls.

48. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and California Class members.

49. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and California Class members that their telephonic communications with Defendant would be recorded.

50. Defendant failed to obtain consent of Plaintiff and California Class members prior to recording any of their telephone conversations.

51. Defendant's conduct violated section 632.7(a) of the California Penal Code.

52. Plaintiff and California Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.

53. Plaintiff is also entitled to attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray that judgment

be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, and each of them, as follows:

- That the action regarding each violation of the Invasion of Privacy and Cal. Penal Code Section § 632.7 be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An amount of $5,000 for each violation of Section 632.7 of the California Penal Code, pursuant to Cal. Pen. Code § 637.2(a);
- Injunctive relief to prevent the further occurrence of such illegal acts alleged herein pursuant to Cal. Pen. Code § 637.2(b);
- Reasonable attorneys' fees, pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5 and the common fund doctrine;
- Costs of suit;
- Pre- and post-judgement interest; and,
- All other relief that the Court may deem just and proper including interest.

### JURY DEMAND

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class members are entitled to, and demand, a trial by jury.

Dated: May 6, 2022                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     Abbas Kazerounian
        Abbas Kazerounian, Esq.
        (SBN: 249203)
        ak@kazlg.com
        245 Fischer Avenue, Unit D1
        Costa Mesa, CA 92626
        Telephone: (800) 400-6808

|   |   |
|---|---|
| 1 | Facsimile: (800) 520-5523 |
| 2 | Jason A. Ibey, Esq. (SBN: 284607) |
| 3 | jason@kazlg.com |
| 4 | 321 N Mall Drive, Suite R108 St. George, Utah 84790 |
| 5 | Telephone: (800) 400-6808 Facsimile: (800) 520-5523 |
| 6 |  |
| 7 | *Attorneys for Plaintiff* |