1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FAISAL MOLEDINA,

                        Plaintiff,

        v.

MARRIOTT INTERNATIONAL, INC.,

                        Defendant.

Case No. 2:22-cv-03059-SPG-JPR

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 27]**

        Defendant Marriott International, Inc. moves for judgment on the pleadings due to lack of personal jurisdiction. (ECF No. 27). Plaintiff Faisal Moledina opposes. (ECF No. 31). The Court has read and considered the matters raised with respect to the motions and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's motion and dismisses this case without transferring to another district.

## I.   BACKGROUND

On April 14, 2022, Plaintiff Faisal Moledina, a resident of California, called Le Meridien Dallas, the Stoneleigh (the "Hotel") at 214-871-7111 (the "214 Number"). (ECF No. 1 ("Compl.") ¶¶ 10, 14). Plaintiff called from his cell phone. (*Id.*). Defendant Marriott International, Inc. owns and operates the Hotel and the 214 Number. (*Id.* ¶ 15). After Plaintiff dialed the 214 Number, he was presented with several automated messages. (*Id.* ¶ 16). Plaintiff pressed the number "1" to be connected to the Hotel's reservation department. (*Id.* ¶ 17). Plaintiff claims he did not hear any disclosure indicating that the phone call would be recorded by Defendant. (*Id.* ¶ 18). Plaintiff was then connected to a live agent, who was working remotely from Austin, Texas at the time of the call. (ECF No. 27-1 ("Tolua Decl.") ¶ 12). Plaintiff and the agent were connected via Defendant's telecommunications server located in Utah, which also recorded audio of the call. (*Id.*). Once Plaintiff was connected with the live agent, Plaintiff asked multiple times whether the call was being recorded. (Compl. ¶¶ 22-24). The live agent ultimately answered in the affirmative, saying "[y]es, this call is being recorded." (*Id.* ¶ 25).

Plaintiff commenced this case on May 6, 2022. Plaintiff alleges violation of California Penal Code section 632.7 for unlawfully recording Plaintiff's phone call without his consent. (Compl.) Defendant answered the complaint on July 13, 2022. (ECF No. 21 ("Answer")). On July 20, 2022, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 27 ("Mot.")). Plaintiff opposed on August 19, 2022, (ECF No. 31 ("Opp.")), and Defendant replied in support of its motion on September 9, 2022. (ECF No. 35). On October 3, 2022, the Court took the matter off calendar and under submission. (ECF No. 36).

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court may grant judgment on the pleadings where there are no issues of material fact and the moving party is entitled to judgment as a matter of law when taking the allegations in the pleadings as true. *Gregg*

*v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted). This standard is "functionally identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). *Id*. Accordingly, a court need not accept as true factual allegations that are conclusory or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted). Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).

When ruling on a motion for judgment on the pleadings, a court may consider documents that the pleadings incorporate by reference, as well as matters that are subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). A court also may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted). The court may treat such a document as part of the complaint. *Id*. Lastly, the court may not assume the truth of allegations contradicted by affidavit or matters properly subject to judicial notice. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## III. DISCUSSION

Defendant moves for judgment on the pleadings for lack of personal jurisdiction and failure to state a claim as a matter of law. Plaintiff takes issue with Defendant arguing lack

of personal jurisdiction through a motion brought under Federal Rule of Civil Procedure 12(c) rather than 12(b)(2). (Opp. at 14). However, Defendant is not so limited. Defendant raised its objection to personal jurisdiction in its first responsive pleading. *See* (Answer ¶ 10 ("Defendant further denies that its contacts with this forum are sufficient to subject it to personal jurisdiction within this judicial district.")). Therefore, Defendant sufficiently preserved its jurisdictional defense pursuant to Rule 12(h) and is free to argue lack of personal jurisdiction in its Rule 12(c) motion at this stage in the proceeding. Fed. R. Civ. P. 12(h)(1)(A)–(B) (a party waives the defense of lack of personal jurisdiction if that party "omit[s] it from a motion in the circumstances described in Rule 12(g)(2)" or fails to "include it in a responsive pleading ....").

### A. Personal Jurisdiction

To exercise personal jurisdiction over a nonresident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts may be established through either general jurisdiction or specific jurisdiction. General jurisdiction exists where the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 316)). Specific jurisdiction exists when the plaintiff's claims or causes of action "arise out of or relate to" the defendant's contacts with the forum state. *See Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472 (1985).

The party asserting the existence of jurisdiction bears the burden of establishing it. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). In determining whether jurisdiction exists, the court may consider evidence introduced by declaration or affidavit. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc*, 557 F.2d at 1285). If the motion is based solely upon written materials without

an evidentiary hearing, a plaintiff need only make a prima facie showing of facts supporting jurisdiction to survive the motion. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "This prima facie standard 'is not toothless,' however; [plaintiff] 'cannot simply rest on the bare allegations of its complaint.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (quoting *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019)). Conflicts between facts in the parties' affidavits are resolved in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800 (citations omitted).

Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it may assert personal jurisdiction. *Id.* California's long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the Court's jurisdictional analysis under California law and federal due process is the same. *See Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

In the Ninth Circuit, courts employ a three-part test to determine whether specific jurisdiction exists:[1] (1) the nonresident defendant must purposefully direct its activities at, or consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id.* at 1205-06. The plaintiff carries the burden for the first two prongs. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to "set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 1212 (internal quotations and citations omitted).

---

[1] Both Parties agree that Defendant is not subject to general jurisdiction in California. The Court therefore analyzes only whether it may exercise specific jurisdiction over Defendant.

1

### 1.  Whether the Court has Specific Jurisdiction

For claims sounding in tort, such as Plaintiff's here, courts "apply a 'purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot*, 780 F.3d at 1212 (quoting *Schwarzenegger*, 374 F.3d at 802-03).   To find purposeful direction, the defendant allegedly must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (internal quotations and citations omitted).  "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128–29 (9th. Cir. 2010)).

To begin, neither party disputes that Defendant committed an intentional act by recording Plaintiff's phone call.  (Compl. ¶¶ 2, 4, 20-26). Therefore, the Court focuses its analysis on whether Plaintiff established that Defendant expressly aimed its actions at the forum state.  *Schwarzenegger*, 374 F.3d at 803.  "Express aiming" generally means "'something more' than 'a foreign act with foreseeable effects in the forum state.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).  It requires more than "'untargeted negligence' that merely happened to cause harm to [the plaintiff]." *Schwarzenegger*, 374 F.3d at 807 (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)).  To properly assess "express aiming," courts "must focus on the defendant's contacts with the forum state, not the defendant's contacts with the resident of the forum." *Picot*, 780 F.3d at 1214.  "'[R]andom, fortuitous, or attenuated contacts' are insufficient to create the requisite connection to the forum."  *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Burger King*, 471 U.S. at 475); *see also Walden*, 571 U.S. at 278 ("Mere injury to a forum resident is not a sufficient connection to the forum.").

Here, Plaintiff fails to plausibly demonstrate that Defendant "expressly aimed" the alleged conduct at California.  The entire factual basis for Plaintiff's lawsuit is a single

-6-

phone call he made from California to the Hotel in Texas that was recorded in Utah. (Compl. ¶¶ 14-26; Tolua Decl. ¶ 12). Plaintiff does not allege that Defendant ever contacted him while he was in California, let alone individually targeted him, or otherwise directed any relevant activities at California.[2] Rather, Plaintiff argues that Defendant expressly aimed conduct at California when it "intentionally audio recorded the telephone conversation with [Plaintiff], an individual it knew, or at least reasonably should have known, was calling from California . . . during the time of the call." (Opp. at 30-31). That is not enough to confer specific jurisdiction.

In *Walden v. Fiore*, the Supreme Court held it was not enough that plaintiff reached out of the forum state and "contacted" defendant in another state because that is "precisely the sort of 'unilateral activity'" that "cannot satisfy the requirement of contact with the forum State." 571 U.S. at 290 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The "mere fact" the defendant's allegedly tortious conduct "affected plaintiffs with connections to the forum State," the Court explained, "does not suffice to authorize jurisdiction." *Id*.[3]

More recently, in *Dangoor v. Peterson's Stampede Dodge Chrysler Jeep, LLC*, No. 2:19-CV-01793-SVW-JC, 2019 WL 6357252 (C.D. Cal. Aug. 8, 2019), the court dismissed a plaintiff's suit for lack of personal jurisdiction on similar facts as those here.

---

[2] Plaintiff contends that specific jurisdiction exists because Defendant conducts substantial business in California, operates approximately 500 properties in California, and maintains a registered agent for service of process in California. (Opp. at 30-31). However, for the Court to have jurisdiction requires that Plaintiff's claim "be one which arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802. Plaintiff's claim based on a phone call he made from California to a hotel in Texas plainly does not arise out of or relate to those forum-related activities. Accordingly, the "substantial business" Plaintiff references does not provide a basis for the Court to exercise specific jurisdiction over Defendant under these circumstances.

[3] The Court notes that even if Plaintiff had alleged individualized targeting, that alone is insufficient to establish specific jurisdiction after *Walden*. *Axiom Foods*, 874 F.3d at 1070; *Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd*., No. CV 19-cv-07831-AB (MRW), 2019 WL 8064196, at *5-6 (C.D. Cal. Dec. 5, 2019).

The plaintiff, who lived in California, alleged he had "no less than 81 telephonic communications" with defendants, car dealers in Idaho, including calls initiated from both the plaintiff and defendants. *Id.* at *2. The plaintiff alleged "Defendants recorded and/or monitored the telephone calls" without "informing Plaintiff in violation of California law, despite knowing that Plaintiff resided in and was located in California." *Id.* Relying on *Walden*, the court found defendants were not subject to personal jurisdiction in California, explaining "the fact that Plaintiff happened to be a resident of California and happened to be located in California when Defendants called him is insufficient to establish specific jurisdiction. *Id.* at *3.

Similarly, the court in *Chan v. UBS AG*, No. No. LA CV18-04211 JAK (FFMx), 2019 WL 6825747, at *8 (C.D. Cal. Aug. 5, 2019) found that plaintiff "plac[ing] phone calls from California to" a defendant outside of the forum "is the type of unilateral decision that cannot establish jurisdiction." The court explained that "Plaintiff could have called" the defendant "from anywhere in the world," and it was the plaintiff's decision to make those calls from California. *Id.* Further, even "bilateral" communications between the parties while plaintiff resided in the forum would "establish contacts only with a forum resident, not with the forum itself." *Id. See also Morrill*, 873 F.3d at 1144 (holding that a court lacks specific jurisdiction when "[a]ny links" to the forum, including "communications with Plaintiffs by telephone and email," occurred "only because" the forum "happened to be where Plaintiffs resided"); *Ayer v. White*, No. CV 21-08773-RSWL-RAO x, 2022 WL 657502, at *5 (C.D. Cal. Mar. 4, 2022) ("Plaintiffs' injuries do not aid their jurisdictional argument because Plaintiffs would have suffered the same loss in any state they happened to be in at the time Defendants committed their alleged misconduct in Texas.").[4]

---

[4] Plaintiff relies on *S.D. v. Hytto Ltd.*, No. 18-CV-00688-JSW, 2019 WL 8333519 (N.D. Cal. May 15, 2019). That case is inapposite. *Hytto* addressed whether a Chinese company was subject to personal jurisdiction in the United States under Rule 4(k)(2). *Id.* at *2. The court therefore focused its analysis on the "defendant's contacts with the U.S. as a whole rather than on contacts with a particular forum state." *Id.* The court found it had personal

In line with recent authority interpreting *Walden*, the Court finds Plaintiff's unilateral decision to reach out of California to contact Defendant located elsewhere and Defendant's recording of that communication, without more, cannot satisfy the express aiming requirement.  Plaintiff has thus failed to meet his burden to show that Defendant purposefully directed its conduct at California.  Therefore, Defendant is not subject to this Court's personal jurisdiction.  *See Rupert*, 68 F. Supp. 3d at 1163 ("Failing to sufficiently plead any one of [the purposeful direction's] three elements is fatal to [p]laintiff's attempt to show personal jurisdiction."); *Johnson v. UBS AG*, No. 2:20-CV-00357-MCS-JC, 2020 WL 6826477, at *4 (C.D. Cal. Nov. 12, 2020) ("Plaintiffs have . . . failed to satisfy specific jurisdiction's first prong, and the Court need not address the remaining prongs.") *aff'd*, 860 F. App'x 531 (9th Cir. 2021).

## 2.   Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery. (Opp. at 33-34). Specifically, Plaintiff requests discovery to confirm the following information: (1) the phone number called by Plaintiff was a phone number made available to the general public, (2) the audio recording was made in Utah, (3) Defendant is the franchisor of the Hotel, and (4) Defendant has limited contacts with California.  (*Id.*).

Courts generally grant jurisdictional discovery only "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (internal quotation marks omitted).  "But a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Id.* (internal citations and

---

jurisdiction over the foreign defendant because the company had tailored its website "for ease-of-use by American users" and had "placed products in brick-and-mortar stores located in the U.S." *Id.* at *4.  Nothing in *Hytto* bears on whether a company recording a single call from one forum to a defendant in another forum is enough to confer specific jurisdiction.

-9-

quotation marks omitted).  Moreover, to obtain jurisdictional discovery, Plaintiff "must present at least a 'colorable basis' that jurisdiction exists."  *Kellytoy*, 2019 WL 8064196, at *7 (quoting *Lang v. Morris*, 723 F. Supp. 2d 966, 979 (N.D. Cal. 2011)).

Plaintiff fails to show that any of the information he seeks through discovery is either pertinent to the Court's jurisdictional inquiry or controverted.  For example, as Defendant points out, Plaintiff's own evidence already confirms the phone number called by Plaintiff was made available to the general public.  Plaintiff admits he found the 214 Number "by going to the online website for the hotel."  (ECF No. 31-1 ¶ 9).  Moreover, and critically, Plaintiff has not presented a colorable basis that jurisdiction exists based on Defendant's recording a single call he made from California to a national phone number to reach a hotel located in Texas.  Accordingly, the Court denies Plaintiff's request for fruitless jurisdictional discovery.

### B.    Whether to Transfer or Dismiss

Plaintiff requests the Court transfer this case to an appropriate forum rather than dismiss pursuant to 28 U.S.C. § 1631.  (Opp. at 36-37).  A district court that lacks jurisdiction over an action may transfer that action to an appropriate forum.  28 U.S.C. § 1631.  Section 1631 provides that whenever a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed[.]"  *Id.*  The Ninth Circuit has held that, "[b]ecause the statute's language is mandatory, federal courts should consider transfer without motion by the parties."  *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citations omitted).  "Section 1631 permits transfer only when (1) a court exists in which the case could have been brought originally, and (2) the interests of justice would be served by the transfer."  *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992).  Transfer is "improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case."  *Id.*

-10-

### 1.   Whether the Call Recording is Incorporated by Reference

As a threshold matter, the parties dispute whether the Court may consider the recording audio or transcript of the phone call attached to a declaration submitted by Defendant.   Under the incorporation-by-reference doctrine, courts may treat certain documents as though they are part of the complaint without converting a Rule 12 motion into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).   The doctrine serves the important purpose of preventing "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).   A defendant "may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).   "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.*   Indeed, "[a]lthough the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.*

Defendant seeks to incorporate by reference the tape recording and transcript of the recording made of the phone conversation between Plaintiff and Defendant's representative.   Plaintiff argues the Court may only consider such evidence in a motion brought under Rule 12(c) rather than Rule 56.   However, Plaintiff also agrees that the Court may consider evidence incorporated by reference to the complaint when deciding a motion under Rule 12(c).   The Court finds that the call recording and transcript are incorporated by reference to the complaint because Plaintiff extensively cites the call and the call forms the entire basis of Plaintiff's claim.

In *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005), the Ninth Circuit affirmed the incorporation of materials that the complaint did not even reference.   Evel Knievel alleged that ESPN defamed him and his wife on its website. *Id*. at 1070.   In the complaint, Knievel

only referenced the allegedly defamatory photo and caption. *Id*. at 1076. ESPN then submitted the surrounding photos and captions to show a reasonable person would not view the caption at issue as defamatory. *Id*. A defamation claim requires showing that the statement at issue, given its context, "is capable of sustaining a defamatory meaning." *Id*. at 1073 (internal quotation marks omitted). Therefore, though the complaint did not "allege or describe the contents of the surrounding pages," the court held it was proper to incorporate them because the claim necessarily depended on them. *Id*. at 1076.

Likewise, in *Hoffman v. Cenlar Agency, Inc*., No. 12cv414 L(NLS), 2013 WL 1285126 (S.D. Cal. Mar. 27, 2013), the plaintiff alleged the defendant unlawfully recorded a telephone conversation in violation of California Penal Code § 632. The court found the audio recording and transcript to be incorporated by reference to the complaint because they were "integral to plaintiff's claims." *Id*. at *2. *See also Barlow Respiratory Hosp. v. CareFirst of Maryland*, No. CV-14-01335-MWF (SSx), 2014 WL 12573394, at *2 (C.D. Cal. June 24, 2014) (incorporating by reference transcript of call where complaint referred "extensively" to the phone conversation and because the opposing party did not challenge the authenticity or accuracy of the transcript).

Here, Plaintiff extensively references the call in the complaint. *See, e.g.*, (Compl. ¶ 2 (Plaintiff "brings this action for damages and injunctive relief . . . for Defendant's unauthorized an illegal recordings of conversations with Plaintiff without any notification or warning"); ¶ 18 ("At no point during the call to the Hotel's phone number was there any form of recording disclosure nor any beeping sounds to indicate to Plaintiff that he was being recorded by Defendant"); ¶ 20 ("Plaintiff told Defendant's live agent that he wanted to know whether it was less expensive for him to reserve a room . . ."); ¶ 22 ("Plaintiff asked the agent whether the call was being recorded."); ¶ 23 ("In response, Defendant's agent attempted to evade Plaintiff's question, which prompted Plaintiff to ask a second time whether Plaintiff was being recorded."); ¶ 24 ("In response, Defendant's agent again evaded Plaintiff's question, and thus Plaintiff asked a third and final time whether Plaintiff was being recorded."); ¶ 25 ("Finally, after Plaintiff's third attempt at determining whether

his call was being recorded, Defendant's agent responded by saying, '[y]es, this call is being recorded.'")).  Like in *Hoffman*, the gravamen of the complaint is that Defendant wrongfully recorded Plaintiff's phone conversation, and therefore the recording itself is integral to Plaintiff's claim.  Finally, Plaintiff does not dispute either the accuracy or authenticity of the transcript.  Therefore, the Court will consider the contents of the call recording because it is incorporated by reference to the complaint.

>           2.    <u>Whether Plaintiff has Shown that Defendant Transgressed</u>

Here, Plaintiff has not made a prima facie showing that Defendant violated California Penal Code section 632.7.  Section 632.7 of the California Invasion of Privacy Act imposes liability on anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between" a cellular telephone and another telephone.  Cal. Penal Code § 632.7.  Consent is an express element of a claim under section 632.7.  *See Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015).  "Consent may be express or may be implied in fact from the surrounding circumstances indicating that the party to the call knowingly agreed to the surveillance."  *Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016) (quoting *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996)).  "[A] party's awareness that he or she is being recorded may establish that the party impliedly consented to the recording."  *Kristensen v. Credit One Bank, N.A.*, No. CV 14-7963 DMG (AJWx), 2016 WL 11757832, at *5 (C.D. Cal. July 11, 2016).  *See also Negro v. Superior Ct.*, 230 Cal. App. 4th 879, 892 (2014) (holding that consent may be implied from circumstances such as "language or acts which tend to prove (or disprove) that a party knows of, or assents to, encroachments on the routine expectation that conversations are private").

Plaintiff alleges that "[a]t no point during the call to the Hotel's phone number was there any form of recording disclosure nor any beeping sounds to indicate to Plaintiff that he was being recorded by Defendant."  (Compl. ¶ 18).  However, the Court finds the

surrounding circumstances indicate that Plaintiff implicitly consented to being recorded. Plaintiff stated in the Complaint, "[n]ot wanting to risk denial of a price-match, Plaintiff asked the agent whether the call was being recorded," indicating that Plaintiff *wanted the call to be recorded* to memorialize the agent's offer of a price-match guarantee in case Plaintiff could find better rates through a third-party website.  (Compl. ¶¶ 21, 22; Tolua Decl., Ex. C at 6-7).  When the agent confirmed the call was recorded, Plaintiff responded, "Okay, I'm going to take a look and I'm going to look at two more websites and *I'll call you back*."  (Tolua Decl., Ex. C at 6 (emphasis added)).

Contrary to Plaintiff's assertion, "whether a caller heard the [d]isclosure during the recorded call does not conclusively answer the question of consent."  *Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 594 (C.D. Cal. 2013); *Maghen v. Quicken Loans Inc.*, 94 F. Supp. 3d 1141, 1145 (C.D. Cal. 2015) ("Although a warning at the outset of a conversation is sufficient to comply with Section 632.7, it is not necessary to do so in every circumstance."), *aff'd* 680 F. App'x. 554 (9th Cir. 2017)).  That is because "callers who never heard the [d]isclosure, but actually expected the calls to be recorded, may have implicitly consented to the recording by the very act of making the call."  *Torres*, 289 F.R.D. at 594.  As such, even though Plaintiff alleges that he did not hear the recording disclosure or any beeping sound during the call, his allegations regarding him seeking a price-match guarantee viewed in the light most favorable to Plaintiff indicate based on the surrounding circumstances that Plaintiff implicitly consented to the recording.  Because Plaintiff has failed to make a prima facie showing of a right to relief, Plaintiff's Complaint is dismissed, rather than transferred.  *See Maghen v. Quicken Loans*, 680 F. App'x 554, 556 (9th Cir. 2017) (affirming denial of section 632.7 claim where, after being informed that the call was recorded, plaintiff "demonstrated his consent to having the call recorded by saying, 'Okay.'").

## IV.   CONCLUSION

For the reasons stated above, Plaintiff has not demonstrated that the Court can exercise personal jurisdiction over Defendant, or that jurisdictional discovery or transfer is

warranted.   Therefore, Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's complaint is dismissed without leave to amend and without prejudice to file in an appropriate forum.

**IT IS SO ORDERED.**

DATED:  October 17, 2022

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE